IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE LEE, | ) | CASE NO. 8:04CV101 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| SAMIT BHATTACHARYA and | ) | |
| KUMAR BARNWAL-ASHISH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Kumar Barnwal-Ashish ("Barnwal") (Filing No. 39). The matter has been fully briefed and the Court has considered the evidence submitted.[1]

The Amended Complaint alleges Plaintiff Bruce Lee ("Lee") was injured when the rented vehicle he was driving was hit from behind by a vehicle driven by Defendant Samit Bhattacharya ("Bhattacharya") in Omaha, Nebraska. (Filing No. 10, hereafter "Amended Complaint" ¶ 4,5). The Amended Complaint further alleges that Defendant Barnwal, who rented the vehicle, is liable for negligently entrusting the vehicle to Bhattacharya. (Amended Complaint ¶ 8). Barnwal moved for summary judgment, arguing that: 1) Barnwal cannot be liable under the theory of negligent entrustment because he did not own title to the vehicle driven by Bhattacharya; and 2) Barnwal is entitled to summary judgment pursuant to the theories of collateral estoppel and res judicata. (Filing No. 47).

---

[1] To stress the importance of complying with NECivR 56.1(a)(2), the Court grants Defendant Kumar Barnwal-Ashish's Motion to Amend the Brief in Support of Summary Judgment (Filing No. 46). The submitted Amended Brief properly includes a Statement of Material Facts with numbered paragraphs and citations to the record, while the substance of the brief remains unchanged. (Filing No. 47). Because Plaintiff Bruce Lee responded to the arguments in his Brief in Opposition to Summary Judgment (Filing No. 43) and has not opposed the Motion to Amend, the Court will consider the Amended Brief submitted by Kumar Barnwal-Ashish.

The Court has diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff Lee is a citizen of Nebraska, and Defendants Bhattacharya and Barnwal are citizens of the Federal Republic of India. (Amended Complaint ¶ 1). The Amended Complaint alleges the amount in controversy exceeds $75,000. (*Id.* ¶ 2).

### *Standard*

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56©)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

### *Background*

On March 9, 2000, Plaintiff Lee was involved in a vehicular accident with Defendant Bhattacharya in Omaha, Nebraska.  (Filing No. 9).  At the time of the accident, Bhattacharya was driving a vehicle that Defendant Barnwal rented from Budget Rent-a-Car and allowed Bhattacharya to drive.  (Filing No. 27, hereafter "Answer" ¶ 2).  Lee claims Bhattacharya held a Nebraska learner's permit at the time of the accident.  (Amended Complaint ¶ 8).  As a result of the accident, Lee claims he experienced and will continue to experience permanent bodily injury, lost earnings, medical expenses, and pain and suffering.

On March 25, 2002, Lee sued Bhattacharya's and Barnwal's employer, Infosystems, Inc. ("Infosys"), a Delaware corporation, and Bhattacharya in the District Court of Douglas County, Nebraska, seeking recovery on the basis of negligence against Bhattacharya and respondeat superior against Infosys.  (Filing No. 44, Ex. A).  Lee amended the petition to include a claim for negligent entrustment against Infosys.  (Filing No. 44, Ex. C).  Infosys filed a motion for partial summary judgment on the issue of respondeat superior.  (Filing No. 44, Ex. D).  The Court granted Infosys's motion, finding that Bhattacharya was on a lunch break when the accident occurred.  (Filing No. 44, Ex. E).  Infosys then filed a motion for partial summary judgment on the issue of negligent entrustment, and the Court granted the motion because there was no evidence that Infosys owned, rented, or controlled the

vehicle rented by Barnwal and driven by Bhattacharya. (Filing No. 44, Ex. F,G). The Court dismissed both claims against Infosys with prejudice. (Filing No. 44, Ex. E,G).

On March 8, 2004, Lee filed the Complaint in the above-captioned matter, alleging negligence against Bhattacharya and negligent entrustment against Barnwal. (Filing No. 1). Barnwal moves for summary judgment, arguing that: 1) Barnwal cannot be liable under the theory of negligent entrustment because he did not own title to the vehicle driven by Bhattacharya; and 2) Barnwal is entitled to summary judgment pursuant to the theories of collateral estoppel and res judicata. (Filing No. 47).

## *Discussion*

**Negligent Entrustment**

Because this matter is before the Court based on diversity jurisdiction, the Court will apply the substantive law of the forum. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). For personal injury claims, Nebraska follows the Restatement (Second) of Conflict of Laws § 146 (1971). *Malena v. Marriott International, Inc.*, 651 N.W.2d 850, 856 (Neb. 2002). Under § 146, "the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties. . . ." *Malena,* 651 N.W.2d at 856.

Here, the accident occurred in Omaha, Nebraska, and Plaintiff Lee is a citizen of Nebraska. (Amended Complaint ¶ 1,4). Defendants Bhattacharya and Barnwal, are citizens of the Federal Republic of India who were employed by Infosys in Nebraska at the time of the accident, and any relationship between the parties is centered in Nebraska.

4

(Amended Complaint ¶ 1; Filing No. 44, Ex. D).  Therefore, Nebraska law controls the rights and liabilities of the parties to this action.

The Nebraska Supreme Court has stated, "The law requires that an owner use care in allowing others to assume control over and operate his automobile, and holds him liable if he entrusts it to, and permits it to be operated by, a person whom he knows or should know to be an inexperienced, incompetent, or reckless driver, to be intoxicated or addicted to intoxication, or otherwise incapable of properly operating an automobile without endangering others." *Suiter v. Epperson*, 571 N.W.2d 92, 104 (Neb. Ct. App. 1997); *Arant v. G.H., Inc.,* 428 N.W.2d 631, 634 (Neb. 1988).  The Nebraska Supreme Court has not had the opportunity to determine whether the theory of negligent entrustment is applicable to a renter who entrusts a rented vehicle to another; however, legal authorities and other jurisdictions that have examined the theory of negligent entrustment have determined that ownership is not a prerequisite to liability on the part of someone who engages in negligent entrustment.

The Restatement (Second) of Torts § 390 deals with the concept of negligent entrustment.  Section 390 has no ownership requirement and states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390.  The comments to § 390 indicate that the term "supplier" refers to "sellers, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for consideration."  § 390, cmt. a.  A gratuitous

5

bailment is defined as: "A bailment for which the bailee receives no compensation, as when one borrows a friend's car." Black's Law Dictionary 57 (2d Pocket Edition 2001).

Similarly, 57A Am. Jur. 2d Negligence § 321 states that control rather than ownership is the critical question when determining whether the theory of negligent entrustment is applicable. Section 321 states: "the doctrine of negligent entrustment requires that the defendant have a greater right of possession or control of the chattel than the person to whom he or she entrusts it." § 321. Section 321 further states, "a cause of action for negligent entrustment may lie against one who has the power to permit or prohibit the use of the property entrusted." *Id.*

As these authorities suggest, ownership is not a requirement under the theory of negligent entrustment. Other state courts agree and define negligent entrustment in terms of control. *See Weeks v. City of New York,* 693 N.Y.S.2d 797 (Supp. 1999); *Savage v. LaGrange*, 815 So. 2d 485 (Miss. Ct. App. 2002); *Zedella v. Gibson*, 650 N.E.2d 1000 (Ill. 1995); *McGlothlin v. Municipality of Anchorage*, 991 P.2d 1273 (Alaska 1999); *Umble v. Sandy McKie and Sons, Inc.*, 690 N.E.2d 157 (Ill. App. Ct. 1998).

Defendant Barnwal cites *Vilas v. Steavenson*, 496 N.W.2d 543 (Neb. 1993), in support of his contention that he cannot be liable under the theory of negligent entrustment because he did not own the vehicle driven by Defendant Bhattacharya. (Filing No. 47 at 8). In *Vilas*, Bill Steavenson provided a vehicle to his minor son, Billy Steavenson. *Vilas,* 496 N.W.2d at 550. Billy then allowed his fifteen-year-old friend, Matthew Hilgenkamp, to operate the vehicle. *Id.* Hilgenkamp was involved in a collision, injuring Jorge Vilas, a passenger in the vehicle driven by Hilgenkamp. *Id.* at 546. There was no evidence that

Bill Steavenson gave Hilgenkamp permission or even knew Hilgenkamp was operating the vehicle; therefore, the court determined that Bill Steavenson could not be liable for negligent entrustment. *Id.* at 550. The court then found that Billy Steavenson could not be liable for negligent entrustment because he did not own the vehicle. *Id.*

As Plaintiff Lee points out, Barnwal mistakenly likens himself to the son, Billy Steavenson, in *Vilas*. (Filling No. 43 at 6). Billy Steavenson did not have the authority to permit his friend to drive the vehicle. In *Christensen v. Rogers,* 108 N.W.2d 389, 392 (Neb. 1961), the Nebraska Supreme Court determined that when a title owner gives permission to a family member to operate a family-purpose vehicle, that permission does not authorize the family member to delegate the driving of the vehicle to a non-family member. Similarly in *Vilas*, the court determined that Billy Steavenson did not have the authority of a title owner to permit others to drive the vehicle Bill Steavenson provided for his son's use. *Vilas,* 497 N.W.2d at 550.

In contrast, Barnwal, as the renter of the vehicle, had control and possession of the vehicle, giving him authority analogous to that of a title owner during the rental period. During the rental period, Barnwal had the authority to decide when, where, and how often to drive the rental vehicle, and Barnwal had sufficient control of the vehicle such that Bhattacharya could not have driven the vehicle without Barnwal's permission. Barnwal is incorrect in his assertion that he, as a renter of a vehicle, is in the same position as a minor son who has permission from his father to drive a family vehicle owned by the father.

The holding in *Vilas* does not preclude a renter from being liable under the theory of negligent entrustment of a vehicle. In *Gibb v. Strickland*, 513 N.W.2d 274 (Neb. 1994),

7

the Nebraska Supreme Court cited with approval *Kosrow v. Acker*, 544 N.E.2d 804 (Ill. App. Ct. 1989), when discussing the distinction between express and implied permission. In *Kosrow*, "the court noted that a person may be found liable for negligent entrustment where that person entrusts an automobile to one whose incompetency, inexperience, or recklessness is known or should have been known by the owner *or entrustor* of the automobile. . . ."*Gibb,* 513 N.W.2d at 278 (emphasis added).  This definition, which was cited with approval by the Nebraska Supreme Court does not limit the theory of negligent entrustment to owners.

Additionally, Nebraska has a statute that is analogous to negligent entrustment. Neb. Rev. Stat. § 60-491(10) states:

> It shall be unlawful for any person "[t]o authorize or knowingly permit a motor vehicle *owned by him or her or under his or her control* to be driven upon any highway by any person who is not authorized under the [Motor Vehicle Operator's License Act] or is in violation of any of the provisions of the act."

Neb. Rev. Stat. § 60-491(10) (emphasis added).  The Motor Vehicle Operator's License Act generally requires one to have a driver's license before driving.  *Suiter v. Epperson*, 571 N.W.2d 92, 104 (Neb. Ct. App. 1997).

Here, there is no allegation that Defendant Bhattacharya violated the Motor Vehicle Operator's License Act because the Amended Complaint alleges Bhattacharya had a Nebraska learner's permit.  (Amended Complaint ¶ 8).  However, § 60-491(10) is analogous to the theory of negligent entrustment.  In both situations, a person is prohibited from entrusting a vehicle to another who should not be driving the vehicle.  Under § 60-491(10), the person entrusted with the vehicle should not be driving because he or she does not have an operator's license; while under the theory of negligent entrustment, the

8

person entrusted with the vehicle should not be driving due to inexperience or incompetency. Section 60-491(10) applies not only to owners of vehicles, but also to those who have control over a vehicle.

Considering all of these factors, the Court is persuaded that the Nebraska Supreme Court would not so narrowly construe the theory of negligent entrustment to apply only where a defendant is the title owner of the vehicle. Therefore, Defendant Barnwal is not entitled to judgment as a matter of law simply because Barnwal was not the title owner to the vehicle driven by Defendant Bhattacharya.

**Collateral Estoppel**

Defendant Barnwal also moves for summary judgment pursuant to the theories of collateral estoppel and res judicata. (Filing No. 39; Filing No. 47). On March 25, 2002, Lee sued Infosys and Bhattacharya in the District Court of Douglas County, Nebraska, seeking recovery on the basis of negligence against Bhattacharya and respondeat superior and negligent entrustment against Infosys. (Filing No. 44, Ex. A,C). Infosys filed motions for partial summary judgment on the issues of respondeat superior and negligent entrustment, and the court granted the motions and dismissed the claims with prejudice. (Filing No. 44, Ex. D,E,F,G). Barnwal claims that the dismissal of the negligent entrustment claim against Infosys precludes the instant action against him.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Baker Group, L.C. v. Burlington Northern and Sante Fe Ry. Co.,* 228 F.3d.883, 885 (8th Cir. 2000) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75,

81 (1984)). The Nebraska Supreme Court defines collateral estoppel, or issue preclusion, as follows: "when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot be litigated again between the same parties in any future lawsuit." *Gottsch v Bank of Stapleton,* 458 N.W.2d 443, 456 (1990).

Four conditions must exist for the doctrine of collateral estoppel to apply: (1) the identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Torrison v. Overman*, 549 N.W.2d 124 (Neb.1996) (citing *Farm Credit Bank v. Stute*, 537 N.W.2d 496 (Neb. 1995)).

Factors two through four have been satisfied. An order granting summary judgment is a final order and a judgment on the merits. *See Big John's Billiards, Inc., v. Balka*, 577 N.W.2d 294 (Neb. 1998); *Riley v. State,* 506 N.W.2d 45 (Neb. 1993). Lee, the party against whom the rule is applied, was a party to the state court claim, and Lee had the opportunity to fully and fairly litigate the issue in the prior action.

However, the first factor is not satisfied. Barnwal incorrectly asserts that the identical issue was decided by the state court. In the state court proceeding, Plaintiff Lee asserted a negligent entrustment claim against Infosys, Bhattacharya's employer. (Filing No. 44, Ex. C). Clearly, Infosys's relationship to the state lawsuit was different from Barnwal's relationship to the present lawsuit. While Infosys apparently had no control over the vehicle in question, Barnwal rented the vehicle and had sufficient control such that he had the authority to permit others to drive the vehicle. In granting Infosys's summary judgment motion, the court stated:

> There is no evidence the vehicle in question was owned by defendant Infosys, rented by defendant Infosys, or paid for by defendant Infosys. There is no evidence that Infosys had any control over this vehicle to give negligent permission to a third party, express or implied.

(Filing No. 44, Ex. G). Had Barnwal been the defendant in the state court action, the court's analysis would have been different because it is undisputed that Barnwal rented the vehicle. Because the first factor has not been satisfied, the Court finds that the theory of collateral estoppel, or issue preclusion, is inapplicable and does not preclude the present action.

**Res Judicata**

"The doctrine of res judicata [or claim preclusion] is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action." *Cole v. Clarke*, N.W.2d 412 (Neb. Ct. App. 2002) (citing *Cole v. Wilson*, 627 N.W.2d 140 (Neb. Ct. App. 2001)). "Res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." *Mabile v. Drivers Management, Inc.,* 660 N.W.2d 537 (Neb. Ct. App. 200) (citing *In re Interest of Marcus W. et al.*, 649 N.W.2d 899 (Neb. 2002)).

The first three requirements have been met. The state court judgment was a final judgment on the merits and was rendered by a court of competent jurisdiction. *See Big John's Billiards, supra*; *Riley v. State,* 506 N.W.2d 45 (Neb. 1993). However, the fourth requirement has not been met. Plaintiff Lee was a party to the state action, but Defendant Barnwal was not. Barnwal argues that he is in privity with Infosys because Infosys was his

employer. "Privity implies a relationship by succession or representation between the party to the second action and the party to the prior action *in respect to the right adjudicated in the first action*." *Gottsch v. Bank of Stapleton*, 458 N.W.2d 443 (Neb. 1990) (citations omitted) (emphasis added).

As Lee points out, the employment relationship between Infosys and Barnwal is unrelated to the negligent entrustment claim. In the state court action, the court dismissed the claims against Infosys, stating that respondeat superior was inapplicable because Bhattacharya was on a lunch break when the collision occurred, and Infosys did not own, rent, pay for, or control the vehicle in question. (Filing No. 44, Ex. D,E,F,G). Barnwal's act of permitting Bhattacharya to drive the rented vehicle during a lunch break was not within the scope of Barnwal's employment; therefore, Lee's claim against Barnwal is not precluded merely because the state court determined that Barnwal's employer was not liable. The Court finds that res judicata, or claim preclusion, does not apply to the present action, and Barnwal's summary judgment motion is denied.

For the reasons stated in this memorandum,

IT IS ORDERED:

1. Defendant Kumar Barnwal-Ashish's Motion to Allow an Amended Brief in Support of Summary Judgment (Filing No. 46) is granted; and

2. Defendant Kumar Barnwal-Ashish's Motion for Summary Judgment (Filing No. 39) is denied.

DATED this 22nd day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge