**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| BRUCE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:04CV101 |
| v. ) | |
| ) | MEMORANDUM AND |
| SAMIT BHATTACHARYA, and ) | |
| KUMAR BARNWAL-ASHISH, ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the magistrate judge by consent of the parties on the Motion for Summary Judgment [86] filed by defendant, Kumar Barnwal-Ashish. For the reasons discussed below, I find that the motion should be granted.

## BACKGROUND

The plaintiff alleges he was injured on March 9, 2000 in Omaha, Nebraska when his vehicle was rear-ended by a Toyota Camry driven by defendant Bhattacharya. The Toyota Camry had been rented by defendant Barnwal-Ashish from Budget Rent-A-Car. The issues remaining are:

1. Whether Bhattacharya is liable for negligence in causing the motor vehicle accident; and

2. Whether defendant Barnwal-Ashish is liable for negligent entrustment for allowing Bhattacharya use of the Toyota Camry automobile, when Barnwal knew or should have known "because of the Defendant, Samit Bhattacharya's inexperience and status as a holder of a mere Nebraska learner's operator's license, that Samit Bhattacharya's use of the automobile involved an unreasonable risk of harm to other motorists on the roadway, including the Plaintiff." Amended Complaint [10] at ¶ 8.

On September 22, 2005, Judge Smith Camp filed an order [52][1] denying a previous motion for summary judgment filed by defendant Barnwal-Ashish. Barnwal then argued he could not be

---

[1] The order is available on Westlaw: *Lee v. Bhattacharya*, 2005 WL 2314109 (D. Neb. 2005).

held liable for negligent entrustment because he did not own the Toyota Camry. Applying Nebraska law, Judge Smith Camp held that ownership was not a requirement under the theory of negligent entrustment, and a renter was not precluded from being liable under the theory of negligent entrustment of a vehicle. She further held that Barnwal was not entitled to summary judgment based on theories of collateral estoppel and res judicata in conjunction with the resolution of a related state-court case Lee filed against Barnwal's employer.

## JURISDICTION

The court has diversity jurisdiction under 28 U.S.C. § 1332, because the plaintiff is a citizen of Nebraska, the defendants are citizens of the Federal Republic of India, and the amount in controversy exceeds $75,000.

## FINDINGS OF FACT

The briefing schedule for summary judgment motions expired on April 30, 2007, and plaintiff did not file a response to this motion. Under NECivR 56.1(b)(1), "[p]roperly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." Although plaintiff did not respond, failure to file an opposing brief alone "shall not be considered to be a confession of the motion." NECivR 56.1(b)(2). Nothing in the local rule, however, excuses a party opposing a motion for summary judgment from meeting the party's burden under Rule 56 of the Federal Rules of Civil Procedure. *Id*.

Several of the court's factual findings are based on the parties' admissions made pursuant to Fed. R. Civ. P. 36. Any matter admitted under Rule 36 "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). No party has requested withdrawal or amendment of any admissions.

-2-

Thus, I find that the following facts are uncontroverted for purposes of this Motion for Summary Judgment and constitute the material facts upon which resolution of the motion must be premised.

1. Plaintiff is a citizen of the State of Nebraska and defendants Bhattacharya and Barnwal-Ashish are citizens of the Federal Republic of India.

2. On March 9, 2000, plaintiff was operating his 1995 Nissan Altima automobile northbound on Regency Parkway south of its intersection with West Dodge Road in Omaha, Douglas County, Nebraska. Defendant, Samit Bhattacharya, was operating a 1999 Toyota Camry automobile northbound on Regency Parkway at said time and place and collided into the rear of the Plaintiff's automobile.

3. Defendant Bhattacharya admits that prior to taking and operating the Toyota Camry, on March 9, 2000, he requested permission from defendant Barnwal-Ashish to do so.

4. The 1999 Toyota Camry motor vehicle involved in the collision on March 9, 2000, was a commercial rental car believed to be owned by Easy Rental Car Company, doing business as Budget Rent-A-Car. Neither of the defendants had a certificate of title to the 1999 Toyota Camry.

5. In response to an interrogatory served by the plaintiff, Barnwal-Ashish explained that he denied plaintiff's request for admission that he (Barnwal-Ashish), "knew on March 9, 2000 that Bhattacharya had only a Nebraska motor vehicle operator's learner's permit issued to him" because "it is unknown what Kumar [Barnwal-Ashish] knew about Bhattacharya having a learner's permit"; however, "it was known [Bhattacharya] had a driver's license from India."

6. Bhattacharya admits he had issued to him an automobile operator's license by "any state in the Federal Republic of India" prior to March 9, 2000.

7.  Bhattacharya admits he was familiar with, and knowledgeable of, how to operate an automobile on public streets.

8.  Bhattacharya had operated an automobile on the public streets of Omaha, Douglas County, Nebraska prior to March 9, 2000.

9.  Bhattacharya admits he had operated the vehicle rented by Barnwal on the public streets of Omaha, Douglas County, Nebraska at least once prior to the March 9, 2000 accident and had returned the vehicle to the possession of Barnwal without getting into a motor vehicle accident.

10.  Bhattacharya further admits that, not only had he successfully driven an automobile on the public streets of Omaha prior to the March 9, 2000 accident, he had also driven an automobile in which Barnwal was a passenger, in Nebraska, prior to March 9, 2000.

11.  Bhattacharya did not ever express any reservations or doubts to Barnwal concerning Bhattacharya's competence or ability to operate an automobile on the public streets of Omaha, Douglas County, Nebraska prior to the March 9, 2000 accident.

12.  Bhattacharya did not ingest alcoholic beverages or other substances that impaired his ability to operate a motor vehicle on March 9, 2000 prior to the motor vehicle accident.

13.  The Omaha Police Officer who investigated the accident testified during his deposition that if he had suspected Bhattacharya had been drinking alcohol, he would have had Bhattacharya perform sobriety tests.

### CONCLUSIONS OF LAW

**A.  Summary Judgment Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any

material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.,* 328 F.3d 1020, 1023 (8th Cir. 2003).  "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson*, 477 U.S. at 248).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The movant does not need to negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the movant's showing, the opponent must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson ,* 477 U.S. at 249.

### B.  Negligent Entrustment

First, I decline defendant Barnwal's invitation to reconsider Judge Smith Camp's findings and legal analysis regarding the elements of negligent entrustment. I concur with her well-researched and well-reasoned conclusion that, under Nebraska law, actual ownership of a motor vehicle is not a prerequisite to liability on the part of someone who engages in negligent entrustment of that vehicle. In this case, defendant Barnwal was the renter of the Toyota Camry, and his right to possession and control over the vehicle was greater than that of Bhattacharya. Barnwal, therefore, stands in the position of an "owner" for purposes of applying Nebraska's doctrine of negligent entrustment.

> Nebraska law
>
> requires that an owner use care in allowing others to assume control over and operate his automobile, and holds him liable if he entrusts it to, and permits it to be operated by, a person whom he knows or should know to be an inexperienced, incompetent, or reckless driver, to be intoxicated or addicted to intoxication, or otherwise incapable of properly operating an automobile without endangering others. *Williamson v. Eclipse Motor Lines, Inc.*, 145 Ohio St. 467, 62 N.E.2d 339, 168 A.L.R. 1356. A motor vehicle is not an inherently dangerous instrumentality and the owner is not generally liable for its negligent use by another to whom it is entrusted to be used. Liability may arise, however, if the owner permits operation of his motor vehicle by one whom he knows or should have known to be so incompetent, inexperienced, or reckless as to render the vehicle a dangerous instrumentality when operated by such person. In order to establish such a liability on the part of an owner it must be shown that he had knowledge of the driver's incompetency, inexperience, or recklessness as an operator of a motor vehicle, or that in the exercise of ordinary care he should have known thereof from facts and circumstances with which he was acquainted. *Williamson v. Eclipse Motor Lines, Inc., supra*. *See, also*, Annotation, 168 A.L.R. 1364.

*Deck v. Sherlock*, 162 Neb. 86, 91, 75 N.W.2d 99, 102 (1956). *See also Gibb v. Strickland*, 245 Neb. 325, 513 N.W.2d 274  (1994); *Suiter v. Epperson*, 6 Neb. App. 83, 571 N.W.2d 92 (Neb. Ct. App. 1997); *Kotinek v. Willard*, No. A-02-1276, 2004 WL 2216465 (Neb. Ct. App., Oct. 5, 2004).

To prevail on a theory of negligent entrustment, the plaintiff must prove (1) that a defendant owned the vehicle and (2) that the defendant "had knowledge of the driver's incompetency, inexperience, or recklessness as an operator of a motor vehicle, or that in the exercise of ordinary care he should have known thereof from facts and circumstances with which he was acquainted." I find that the "ownership" element has been satisfied, as Barnwal-Ashish had control over the rental car and Bhattacharya obtained permission from Barnwal to use the vehicle.

The plaintiff, however, has not shown that Barnwal knew of any incompetency, inexperience, or recklessness on the part of Bhattacharya as an operator of a motor vehicle, or that in the exercise of ordinary care he should have known thereof from facts and circumstances with which he was acquainted.

The uncontroverted record shows that Barnwal knew that Bhattacharya had a driver's license issued in India. Bhattacharya had driven a vehicle in Barnwal's presence in Omaha prior to March 9, 2000 without incident. He had driven the Toyota Camry rental car at least once prior to March 9, 2000 and returned the Camry to Barnwal without getting into an accident. Bhattacharya was not, or did not appear to be, under the influence of alcohol or drugs at the time of the accident.

The function of the court at this stage of the proceeding is not to weigh the evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is solely to determine whether there is a genuine issue for trial. There is simply no evidence suggesting that Barnwal knew or should have known that Bhattacharya was incompetent, inexperienced, or reckless in operating motor vehicles. Thus, I find that the plaintiff has not met his burden of showing there is a genuine dispute of material fact on this element of proof. Nor is there sufficient evidence for a jury to return a verdict for the plaintiff on his claim for negligent entrustment.

## ORDER

While the plaintiff's failure to file a response in opposition to this motion for summary judgment does not constitute a confession of the motion, the plaintiff is not excused from meeting his burden of proof under Fed. R. Civ. P. 56. The plaintiff has not met that burden.

**IT THEREFORE IS ORDERED:**

1. The Motion for Summary Judgment [86] filed by defendant, Kumar Barnwal-Ashish, is granted.

2. Pursuant to Fed. R. Civ. P. 54(b), this Order on Summary Judgment is not a final and appealable order until after entry of judgment adjudicating all the claims and the rights of the parties.

**DATED May 5, 2007.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**