IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:04CV101 |
| | ) | |
| SAMIT BHATTACHARYA, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

     This matter is before the court on the parties' Motions in Limine (Filings 93 & 96). The issues raised in the motions were discussed during the final pretrial conference, and counsel are aware of the court's expectations regarding the parties' conduct during trial.

     The only matter that must be resolved prior to trial concerns plaintiff's witness, Don Lutterman. Defendant seeks an order in limine prohibiting the plaintiff from eliciting expert testimony from Mr. Lutterman, who was not ever designated as a witness who "may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" in accordance with Fed. R. Civ. P. 26(a)(2).

     Apparently, Mr. Lutterman was involved in hiring the plaintiff to work as a broker or salesperson for Ameritas shortly before the automobile accident in question. Defendant alleges that plaintiff intends to have Mr. Lutterman testify as to the skills, characteristics and abilities necessary to being a successful stockbroker or financial salesperson; that the plaintiff exemplified those qualities; and that plaintiff would have succeeded in that career had he not been injured in the accident.

     Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court must perform a gatekeeping function and insure that proffered expert testimony is both relevant and reliable. Daubert applies to all expert testimony, not only scientific expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

     Rule 702 of the Federal Rules of Civil Procedure governs the admissibility of expert testimony:

     If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

> qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Mr. Lutterman was not timely designated as an expert and, for that reason, may not be called to testify as an expert witness under Fed. R. Evid. 702. He may, however, be called to testify pursuant to Fed. R. Evid. 701, if foundational requirements are met. Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Accordingly, any opinions or inferences elicited from Mr. Lutterman will be strictly limited in accordance with Rule 701.

**IT IS ORDERED:**

1. Defendant's Motion in Limine [93] is granted, in part, without prejudice to plaintiff calling Don Lutterman as a fact witness and/or qualifying Lutterman as a lay expert witness, in strict compliance with the requirements of Fed. R. Evid. 401.

2. The motions in limine [93] and [96] are otherwise denied without prejudice to the parties raising specific objections at trial.

**DATED June 1, 2007.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**